UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADAMS RESPIRATORY
THERAPEUTICS, INC., ADAMS
RESPIRATORY OPERATIONS, INC.
AND ADAMS RESPIRATORY
PRODUCTS, INC.

          Plaintiffs,

v.

PERRIGO COMPANY, L. PERRIGO
COMPANY AND PERRIGO RESEARCH
AND DEVELOPMENT COMPANY,

          Defendants.
_____/

Case No. 1:07-cv-993

HON. GORDON J. QUIST

## OPINION

The Court has before it Plaintiffs' ("Adams") Motion to Stay the proceedings in this case pending the outcome of similar litigation in the District of New Jersey. For the following reasons, the Court will grant Adams' motion.

### I. Facts and Procedural History

In August 2007, Defendants ("Perrigo") sent Adams a notice that it had filed an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration to produce a generic version of Adams' patented drug product, Mucinex®. Under the Hatch-Waxman Act of 1984, an owner of a patented drug may file an action in federal court within 45 days of receiving an ANDA notice in order to obtain a 30-month stay of approval of the generic drug. 21 U.S.C. § 355(c)(3)(c). In its letter of notice, Perrigo consented to be sued in the Western District of Michigan. However,

Adams filed suit against Perrigo in the District of New Jersey on September 27, 2007. Due to its belief that Perrigo would challenge jurisdiction in New Jersey, Adams also filed suit in this Court on October 5, 2007. Adams claims that it filed suit in this Court only to protect itself should it lose the jurisdictional challenge in New Jersey after the 45 day filing period had elapsed. It now appears that Perrigo has consented to personal jurisdiction in New Jersey but has filed a motion in the District of New Jersey to transfer the proceedings to this Court.

## II.  Legal Standard

Although not found in the Federal Rules of Civil Procedure, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166 (1936). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*, 57 S.Ct. at 163. Therefore, "the burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977).

Also influencing the Court's analysis of Adams' motion is the first-to-file rule. The first-to-file rule generally states "that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc.*, 16 F.App'x 433, 437 (6th Cir. 2001) (internal quotation and citation omitted). Courts have the discretion to dispense with the rule, and factors that weigh against its application "include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.*

2

### III. Analysis

At the outset, the Court notes that "[t]he case law on ANDA litigation is not settled, and there is no definitive guidance to those district court judges who are charged with handling 'protective' lawsuits such as the one at issue here." *Schering Co. v. Caraco Pharm. Laboratories, Ltd.*, No. 06-14386, 2007 WL 1648908, at *2 (E.D. Mich. June 6, 2007). Thus, it is unclear how the first-to-file rule applies in ANDA lawsuits. *Id.* In the absence of guidance, the Court should examine the prejudice to either party in light of the purpose of the first-to-file rule and principles of comity.

First, going forward with both actions simultaneously would waste judicial resources and present the possibility of conflicting rulings or judgments. *PDL Biopharma, Inc. v. Sun Pharm. Indus., Ltd.*, No. 07-11709, 2007 WL 2261386, at *2 (E.D. Mich. Aug. 6, 2007). Moreover, simultaneous litigation would duplicate both parties' effort and expense. Therefore, "the probable inefficiency and the potential for the misuse of the limited resources of the judiciary that would occur if this litigation moved forward in Michigan while the case in New Jersey was stayed would be significant." *Schering*, 2007 WL 1648908, at *3.

In response, Perrigo argues that Adams' insistence on remaining in New Jersey is in bad faith and is an attempt at improper forum shopping. Perrigo asserts that Adams wants to litigate the case in New Jersey because it would take longer to complete, thereby delaying approval of its generic drug. However, these statements alone – unsupported by evidence – are not sufficient proof of bad faith or forum shopping. As a district court in a factually indistinguishable case stated:

> Plaintiff filed the duplicative actions only because of the extraordinary time limit placed on the filing of suits under the Hatch-Waxman Act. Plaintiff correctly believed that Defendant would challenge personal jurisdiction in Plaintiff's preferred forum and concluded that, should a court in Plaintiff's preferred forum of the District of New Jersey find that jurisdiction was not appropriate there, the timing of the ruling could preclude Plaintiff from filing *any* action under the Act. These circumstances do not demonstrate bad faith or forum shopping on the part of Plaintiff.

3

*PDL*, 2007 WL 2261386 at *2. Moreover, given the harsh outcome should the District of New Jersey dismiss the cause of action after the 45 day filing period, the extraordinary circumstances of the case weigh in favor of granting the stay. *Id.*

In its opposition to the motion, Perrigo relies on the case of *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F.Supp.2d 484 (E.D. Va. 2005), to argue that the first-to-file rule should not apply when the plaintiff files both actions. While the *Aventis* Court did hold that the first-to-file rule does not apply when the plaintiff files both actions, there is no Sixth Circuit case law mandating such a mechanical limitation. Rather, the doctrine is governed by discretion and equity. *Zide*, 16 F.App'x at 437. In light of the aforementioned factors, equity compels the Court to grant Adams' motion to stay in favor of the first-filed case in New Jersey.

### IV. Conclusion

The Court will grant Adams' Motion to Stay.

An Order consistent with this Opinion will issue.


Dated: December 3, 2007                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

4